UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAZE ENVIRONMENTAL LLC, AMBER PEARCE, AND BROOKS PEARCE § § § | | |
| Plaintiffs, § § | | |
| vs. § § | Civil Action No. 1:25-CV-1533 | |
| URI LITVAK, AND LITVAK LAW GROUP, PC, § § § | JURY REQUESTED | |
| Defendants. § § | | |

## DEFENDANTS URI LITVAK AND LITVAK LAW GROUP, PC'S FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendants Uri Litvak and Litvak Law Group, PC ("Defendants") come now and file this First Amended Answer and Affirmative Defenses to Plaintiffs Maze Environmental LLC, Amber Pearce, and Brooks Pearce's ("Plaintiffs") Original Complaint ("Complaint"). Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles are reproduced in this Answer for organization purposes only. Defendants do not admit any matter contained therein.

Defendants respond to the specifically numbered allegations of the Complaint as follows:

### DISCOVERY CONTROL PLAN

1. To the extent that Paragraph 1 of the Complaint references a Texas state-mandated discovery control plan, Defendants assert that this action is proceeding in federal court and is

therefore governed by the Federal Rules of Civil Procedure. The state discovery control plan in Paragraph 1 of the Complaint is not applicable.

## I.
## RELIEF (RULE 47)

2. The allegations contained in Paragraph 2 of the Complaint state legal conclusions that require no answer from Defendants, but to the extent that such allegations require an answer, they are denied.

## II.
## PARTIES

3. Defendants are without sufficient information sufficient to form a belief as to the truth of the allegation of Plaintiff Maze Environmental's citizenship and registered agent, as asserted in Paragraph 3, and therefore, such allegation is denied.

4. Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 and therefor deny them.

5. Defendant Uri Litvak admits that he is an individual resident of Newport Beach, California where he may be served with process at (a) 1715 Newport Hills Drive West, Newport Beach, California 92660 and (b) 2424 S.E. Bristol Street, Suite 300, Newport Beach, California 92660. Otherwise Defendant Uri Litvak denies he is an individual resident of New York, New York and Miami Florida and denies that he may be served at (c) 30 Wall Street, 8th Floor, New York, New York 10005 or (d) 100 S.E. 2nd Street, Suite 2000, Miami, Florida 33131.

6. Defendant Litvak law Group P.C. admits that it is a California stock corporation that may be served with process through its registered agent, Uri Litvak, at 2424 S.E. Bristol Street, Suite 3000, Newport Beach, California, 92660.

## III.
## JURISDICTION & VENUE

7. To the extent that Paragraph 7 of the Complaint references a Texas state-governed rule and regulation, Defendants assert that this action is proceeding in federal court and is therefore governed by the Federal Rules of Civil Procedure. The jurisdictional limit matters in Paragraph 7 of the Complaint are not applicable.

8. To the extent that Paragraph 8 of the Complaint references a Texas state-governed rule and regulation, Defendants assert that this action is proceeding in federal court and is therefore governed by the Federal Rules of Civil Procedure. The jurisdictional limit matters in Paragraph 8 of the Complaint are not applicable.

9. To the extent that Paragraph 10 of the Complaint references a Texas state-governed rule and regulation, Defendants assert that this action is proceeding in federal court and is therefore governed by the Federal Rules of Civil Procedure. Otherwise, Defendants deny the allegations in Paragraph 9 and Defendants reserve the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiffs' claims.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions that require no answer from Defendants, but to the extent that such allegations for breach of fiduciary duty owed to Plaintiffs, express or implied. require an answer, they are denied. Defendants admit communications were directed to Plaintiffs in Texas. Otherwise, Defendants reserve the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiffs' claims.

11. To the extent that Paragraph 11 of the Complaint references a Texas state-governed rule and regulation, Defendants assert that this action is proceeding in federal court and is therefore governed by the Federal Rules of Civil Procedure. Otherwise, Defendants deny the allegations in Paragraph 11 and Defendants reserve the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiffs' claims.

12. The allegations contained in Paragraph 12 and its subparts state legal conclusions that require no answer from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 12 and its subparts and therefore deny them.

13. The allegations contained in Paragraph 13 and its subparts state legal conclusions that require no answer from Defendants. To the extent a response is required, Defendants admit Maze Environmental maintains headquarters in Blanco County. Defendants are without information sufficient to form a belief as to the truth of the allegation of an operational nerve center location in Blanco County and therefore deny them.

## IV.
## FACTUAL BACKGROUND

14. Defendants admit the allegations in Paragraph 14

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit Plaintiff Pearce met Defendant Litvak in 2021. Defendants are without sufficient information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 16 and therefore deny them.

17. Defendants admit the allegations in Paragraph 17.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 and its subpart contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Litvak provided legal advice to Maze Environmental and Plaintiffs. Defendants deny the remainder of the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations made in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit Defendant Litvak owns between 3 and 10 percent equity in Maze Environmental.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 26.

27. Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 and therefore deny them.

## V.
## CLAIMS

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 28.

### Count 1: Breach of Fiduciary Duty

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 29.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation made in Paragraph 30.

31. Paragraph 31 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 31 and its subparts.

32. Paragraph 32 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 32 and its subparts.

### Count 2: Declaratory Judgment

33. Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 33 and its subparts. To the extent a response is required, Defendants deny the allegations made in Paragraph 33 and its subparts.

34. The allegations in Paragraph 34 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 34 and its subparts.

35. The allegations in Paragraph 35 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 35 and its subparts.

### VI.
### AFFIRMATIVE DEFENSES

36. Without conceding the burden of proof as to any issue, Defendants assert the following defenses and affirmative defenses to Plaintiffs' Complaint:

### First Affirmative Defense

1. Plaintiffs have failed to state a claim upon which relief can be granted, and therefore, the claim should be dismissed.

### Second Affirmative Defense

2. Plaintiffs' claims are barred, in whole or in part, by its failure to allege facts sufficient to state a claim for any damages.

### Third Affirmative Defense

3. Defendants affirm that if Plaintiffs sustained any damages, then such damages should be reduced by the amount Plaintiffs could reasonably have mitigated such damages.

### Fourth Affirmative Defense

4. Plaintiffs' claims are barred, in whole or in part, because Defendants breached no duty owed to Plaintiff, to the extent any such duty existed, which is expressly denied.

### Fifth Affirmative Defense

5. Defendants affirm that the occurrences made the basis of this lawsuit were proximately caused by the acts and omissions of a third person or persons or party or parties over whom Defendants had no control or right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, cause of any damages to the Plaintiffs, if any.

### Sixth Affirmative Defense

6. Defendants affirm that Plaintiffs consented to and/or ratified the alleged conduct and is therefore barred from asserting breach of fiduciary duty.

### Seventh Affirmative Defense

7. Plaintiffs' claims are barred by the doctrines of waiver and estoppel, as Plaintiffs knowingly relinquished any alleged rights or acted inconsistently with the claims now asserted.

### Eighth Affirmative Defense

8. Plaintiffs' claims are barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*, as Plaintiffs participated in or benefitted from the conduct alleged.

### Ninth Affirmative Defense

9. Defendants affirm that Plaintiffs claims fail because no fiduciary duty existed under the circumstances alleged. Any relationship between the parties was arms-length and did not give rise to fiduciary obligations.

### Tenth Affirmative Defense

10. Defendants affirm that Defendants acted in good faith and reasonably relied on advice of counsel, experts, or governing documents, and thus did not breach any fiduciary duty.

### Eleventh Affirmative Defense

11. Defendants affirm that Defendants conduct is protected by the business judgment rule, which bars liability for decisions made in good faith, with due care, and within the scope of authority.

### Twelfth Affirmative Defense

12. Plaintiffs cannot establish that any alleged breach of fiduciary duty proximately caused actual damages. Plaintiffs' claims fail for lack of causation and recoverable damages.

### Thirteenth Affirmative Defense

13. Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no damages as a result of the conduct alleged. Even if liability were established, Plaintiffs cannot recover because no actual compensable harm occurred.

## VII.
## RESERVATION OF RIGHTS TO AMEND

Defendants reserve the right to amend this Answer and to assert any additional affirmative defenses in accordance with the law, which may be discovered during the course of additional investigation and discovery, or by court order.

## VIII.

## JURY DEMAND

Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Defendants respectfully pray that their answer be deemed good and sufficient, that Plaintiffs' claims against Defendants be dismissed with prejudice, be awarded attorneys' fees, and for such other relief, in law or equity, to which Defendants are justly entitled.

Respectfully Submitted,

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Chrisitne L. Atwood*
Christine L. Atwood, State Bar No. 24099612
Paul J. Abelkop, State Bar No. 24115987
Kenneth K. Heinlein, State Bar No. 24143000
14860 Landmark Blvd., Suite 120
Dallas, Texas 75254
Telephone:  (469) 210-2050
Facsimile:  (469) 210-2051
Catwood@wshblaw.com
Pabelkop@wshblaw.com
Kheinlein@wshblaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this the 7th day of October 2025.

*/s/ Christine L. Atwood*
Christine L. Atwood