UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Maze Environmental, LLC, Amber Pearce, and Brooks Pearce<br>    *Plaintiffs*,<br><br>v.<br><br>Uri Litvak, and Litvak Law Group, PC,<br>    *Defendants*. | Civil Action No. 1:25-CV-1533-ADA-ML |

## Defendants' Uri Litvak, and Litvak Law Group, PC's Motion to Compel Arbitration and Stay Proceedings

To the Honorable Judge of said Court:

Come now Defendants, Uri Litvak, and Litvak Law Group, PC, and pursuant to 9 U.S.C. §§ 1-4, file this, *Defendants' Motion to Compel Arbitration and Stay Proceedings*. In support of same, Defendants would show unto the Honorable Court as follows:

### 1. Introduction

Plaintiffs, Maze Environmental, LLC, Amber Pearce, and Brooks Pearce, sued Defendants, Uri Litvak, and Litvak Law Group, alleging breach of fiduciary duty and requesting declaratory judgment arising out of Defendants' alleged legal representation of Plaintiffs.

Plaintiffs' "dispute" is subject to binding arbitration rendering this suit frivolous on its face.

### 2. Background

On August 19th, 2025, Plaintiffs filed this suit in Blanco County, Texas.

Defendants timely filed an Original Notice of Removal from the 424th Judicial District Court of Blanco County, Texas, to the United States District Court for the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1446(b).

On or about July 17, 2021, Defendants sent Plaintiff Amber Pearce the Firm's Engagement Agreement for execution. The Firm's Engagement Agreement was sent for execution in response to Plaintiff Amber Pearce's desire to obtain legal representation with Defendants, billed at a blended hourly rate regarding property locat3ed at 1000 S. Pointe Drive, 1405 in Miami, Florida. Plaintiff Amber Pearce signed and returned the Firm's Engagement Agreement in July of 2021. *See Plaintiffs' First Amended Complaint* pp. 3-4, ¶ 15 attached to this motion as Exhibit A. Also attached to this motion, Exhibit B is a

copy of the Firm's Engagement Agreement letter sent to Plaintiff Amber Pearce dated July 17th, 2021, which is incorporated herein by reference.

On August 3, 2022, Defendants sent the Firm's Engagement Agreement ("August Agreement") to Plaintiffs Maze Environmental LLC, Mr. Brooks Pearce and Ms. Amber Pearce, and Texas Fabco Solutions, Inc.; Texas Fabco, Inc.; TFS Services LLC; and Pearce Development, LLC. At this time, the August Agreement was sent for execution for Plaintiffs to obtain legal representation, billed at a blended hourly rate. Defendants were in California, and the recipients of the Engagement Agreement were in Texas and New Mexico. Attached to this motion as Exhibit C, is a copy of the August Agreement sent to Plaintiffs, which is incorporated herein by reference. Also attached to this motion as Exhibit D is correspondence among Plaintiffs Brook Pearce and Amber Pearce and Defendants discussing the August Agreement and arranging to pay Defendants requested retainer.

Both agreements sent to Plaintiffs contain Binding Arbitration clauses, which require that any disputes arising out of the engagement agreement, or otherwise arising from the relationship between Plaintiffs and Defendants shall be submitted to a final and binding arbitration. *See* Exhibit B, at p. 3, ¶ 9. *See also* Exhibit C, at p. 3, ¶ 9.

The Binding Arbitration clause of the July 2021 agreement was made in consideration of the services to be provided by Defendants for the benefit of Plaintiffs.

The parties intended to be bound by the August Agreement, as shown through Plaintiffs, including Maze Environmental, continued relying on Uri Litvak, and Litvak Law Group's legal services. *See* Exhibit A, at p. 4, ¶ 17-18.

At some point on or around July 2025, a dispute arose between the parties relating to Uri Litvak's equity share in Maze Environmental, LLC. Based on the allegations contained within *Plaintiffs' Original Petition*, Plaintiffs allege that Defendants breached their fiduciary duty and request declaratory judgment.

Thus, according to Plaintiffs' allegations, the claims at issue herein arise out of the alleged legal services rendered by Defendants as contemplated in the August Agreement, which contains a valid agreement to arbitrate. As set forth below, the Court must compel arbitration of this dispute and stay the proceedings pending the outcome of arbitration.

### 3. Argument and Authorities

Although the parties intended to be bound, and thus contractually agreed to arbitrate, Plaintiffs, in filing the instant lawsuit, indicate their refusal to arbitrate.

The August Agreement specifies that the arbitration agreement shall be governed pursuant to the rules of JAMS, formerly known as the Judicial Arbitration and Mediation Services, Inc., in Miami Dade County, Florida.

As the August Agreement involves interstate commerce, the Federal Arbitration Act ("FAA") applies. To compel arbitration under the FAA, a party must satisfy two primary requirements: (1) establish the existence of a valid and enforceable arbitration agreement, and (2) demonstrate that the claims at issue fall within the scope of that agreement. These requirements are consistently upheld by Texas courts, as seen in multiple cases. *In re Golden Peanut Co., LLC*, 269 S.W.3d 302, *Bonded Builders Homewarranty Ass'n of Tex., Inc. v. Smith*, 488 S.W.3d 468, *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91. *See also Brown v. Pac. Life Ins. Co,* 462 F.3d 384*, Webb v. Investacorp, Inc.,* 89 F.3d 252*, Gross v. GGNSC Southaven, L.L.C.,* 817 F.3d 169; *Brown v. Pac. Life Ins. Co*, 462 F.3d 384, *Webb v. Investacorp, Inc.*, 89 F.3d 252, *Anderson v. Waffle House, Inc.*, 920 F. Supp. 2d 685.

Once these two elements are established, the burden shifts to the party opposing arbitration to prove any defenses against enforcing the arbitration provision. If no valid defenses are proven, the court has no discretion and must compel arbitration . *Bonded Builders Homewarranty Ass'n of Tex., Inc. v. Smith*, 488 S.W.3d 468, *Dewey v. Wegner*, 138 S.W.3d 591.

Pursuant to the Florida Arbitration Code, once a party seeking to compel arbitration establishes that (1) there is a valid agreement to arbitrate, (2) the claims raised are arbitrable, and  (3) the right to arbitration was not waived, the trial court must compel arbitration. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); *Mid-Am. Apts., Ltd. v. Tracz*, 2025 Fla. App. LEXIS 6929; *O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So. 2d 181.

### 3.1. The Arbitration Agreements are Valid

The Texas Supreme Court emphasized that ordinary principles of state contract law determine the validity of an arbitration agreement. *In re Kellogg Brown & Root, Inc.,* S.W 166.3d 732. The first requirement involves proving the existence of a valid arbitration agreement. This includes addressing gateway issues such as whether the arbitration clause is binding on the parties involved. Courts may not compel arbitration unless the parties have agreed to arbitrate, and the agreement must clearly indicate the intent to arbitrate. *In re Golden Peanut Co., LLC,* 269 S.W.3d 302, *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91. Additionally, under Texas law, an arbitration agreement must be in writing, and it can be established through various forms, such as signed documents or exchanges of communications that provide a record of the agreement. Tex. Civ. Prac. & Rem. Code § 172.032.

Similarly, under Florida law, the threshold inquiry is whether an agreement to arbitrate was formed. *CEFCO v. Odom,* 278 So. 3d 347. An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract  Fla. Stat. § 682.02.

In this matter, paragraph 9 of both agreements state, in pertinent part, as follows:

> By signing this letter, the Client and the Firm agree that if any dispute between us should arise out of this engagement agreement, our relationship, or the performance of any legal services for Client, whether the subject of this particular engagement agreement or otherwise, such dispute shall be submitted to a final and binding arbitration proceeding before one arbitrator pursuant to the rules of JAMS in Miami Dade County, FL. The disputes that shall be subject to binding arbitration will include, without limitation, those regarding or arising out of attorney's fees and costs, allegations of negligence or fraud, and breach of fiduciary duty or a statutory provision.

Arbitration agreements are generally interpreted under traditional contract principles. *Shotts v. OP Winter Haven, Inc.,* 86 So. 3d 456, *5.16 Enforce Arbitration Agreements*. Although, Defendants have been unable to locate the executed copy of the August 2022 engagement letter, under Florida and Texas law, as well as the FAA, an arbitration agreement does not need to be signed to be valid and enforceable. *Hayslip v. U.S. Home Corp* 276 So. 3d 109, *GMRI, Inc. v. Brautigan,* 392 So. 3d 1098; *SK Plymouth, LLC v. Simmons*, 605 S.W.3d 706, *Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, *In re Polymerica, LLC*, 296 S.W.3d 74.

Instead, a party's conduct can demonstrate intent to be bound by the agreement. In *Yanez v. Dish Network, L.L.C.*, the Fifth Circuit confirmed that neither the FAA nor Texas law requires arbitration clauses to be signed, provided there is evidence of mutual consent to the agreement. 140 F.4th 626;  *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005).

Likewise, Florida courts have consistently upheld this principle, emphasizing that the enforceability of an arbitration agreement depends on the parties' intent to be bound, which can be inferred from their actions or conduct. In *Hayslip v. U.S. Home Corp.*, the court found that a homebuyer was bound by an arbitration provision in a warranty deed, even though the buyer did not sign the deed, because the buyer's acceptance of the deed and possession of the property demonstrated acquiescence to the arbitration provision. 276 So. 3d 109, *GMRI, Inc. v. Brautigan,* 392 So. 3d 1098.

In this case, Plaintiff Amber Pearce acknowledged receipt of the engagement letter and authorized payment of Defendants' retainer "ASAP" because there were "several matters he [would] be picking up for us." *See* Exhibit D. By her actions in authorizing payment, it is clear that Plaintiff Amber Pearce intended to be bound by the engagement agreement thereby rendering the arbitration agreement valid.

### 3.2.   The Claims Raised are Within the Scope of the Agreement and are Arbitrable

Even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.

*Walsh Grp. v. Zion Jacksonville, LLC*, 379 So. 3d 571. Arbitration is appropriate if there is a significant relationship between the claim and the contract, i.e., if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract. *Id.* An issue is "arbitrable" if it is significantly related to the subject of the agreement in which the arbitration provision is found. See *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999).

Per their Complaint, Plaintiffs' claims for breach of fiduciary duty and their request for declaratory judgment fall within the scope of the arbitration agreements because the agreements specify that any disputes arising under the terms of the engagement agreement or the parties' relationship "shall be submitted to a final and binding arbitration proceeding…"

Under Texas law, the agreement must be construed in its context and the intent of the parties ascertained by according to the language its plain grammatical meaning. *See Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex. 1985). Any doubts regarding the scope of an arbitration agreement should be resolved in favor of arbitration. *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding).

A fair reading of the arbitration clause at issue in the instant matter reveals that under the context of the August Agreement, the parties agreed that any disputes arising from Defendants' representation of Plaintiffs or otherwise arising from the relationship between Defendants and Plaintiffs would be submitted to binding arbitration. Plaintiffs' claims arise exclusively from the representation afforded to them and/or their relationship with Defendants subject to the terms of the August Agreement, and thus, this matter falls within the scope of the parties' agreement to arbitrate.

### 3.3. Defendants Have Not Waived the Right to Arbitrate

Defendants timely assert the right to arbitration by filing this motion before engaging in discovery or any substantive litigation activity. Accordingly, there is no waiver. *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005).

### 3.4. The Court Must Compel Arbitration

Under the FAA, if the existence of the arbitration agreement or the failure to comply with it is disputed, the court must summarily determine the issue. If the court finds in favor of the party seeking arbitration, it must order the parties to proceed with arbitration in accordance with the terms of the agreement. 9 USCS § 4. Furthermore, under both Texas and Florida law, when a court orders the parties to arbitration, it must stay the proceedings pending the outcome of the arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.025; , Fla. Stat. § 682.03.

The Supreme Court of Texas has repeatedly expressed a strong presumption favoring arbitration once a party seeking to compel arbitration proves that a valid arbitration agreement exists. *See*, e.g., *Prudential Secs., Inc. v. Marshall*, 909 S.W.2d 896, 898, 39

(Tex. 1995); *High Valley Homes, Inc. v. Fudge*, 2003 Tex. App. LEXIS 3273, 2003 WL 1882261, at *3 (Tex. App.--Austin April 17, 2003, no pet.) (memorandum opinion). Likewise, under Florida and federal law, courts generally favor the use of arbitration agreements. *Walsh Grp. v. Zion Jacksonville, LLC*, 379 So. 3d 571.

In this matter, because the parties intended to be bound by the August 3, 2022, Engagement Agreement because the claims alleged in *Plaintiffs' First Amended Complaint* fall within the agreement's scope, and because the claims are arbitrable, this Honorable Court must compel arbitration. TEX. CIV. PRAC. & REM. CODE §§ 171.001, 171.002, 171.021; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015); *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).[1]

### 4. Conclusion

Defendants move to compel arbitration of the instant matter pursuant to the Binding Arbitration clause contained within the August 3, 2022 Engagement Agreement. Defendants have established that (1) there is a valid agreement to arbitrate, (2) the claims are arbitrable and (3) the right to arbitration was not waived. Accordingly, this Honorable Court must compel arbitration and stay the proceedings pending the outcome of the arbitration.

The parties have conferred in good faith regarding this matter. However, as of the time of this filing, Plaintiffs have advised that they are "undecided" for now as to the relief requested in this motion.

### 5. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants Uri Litvak and Litvak Law Group, PC respectfully request that this Honorable Court grant *Defendants' Motion to Compel Arbitration and Stay Proceedings*, order the parties to arbitrate, and stay this lawsuit pending the outcome of the arbitration. Defendants further respectfully request that this Honorable Court grant such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

[*Signature on the following page*]

---

[1] Under Florida law, a court must compel arbitration if all the statutory requirements are met. *OptumRx v. Bay Pharm. Inc.*, 394 So. 3d 1255, *M.P. v. Guiribitey Cosmetic & Beauty Inst., Inc.*, 389 So. 3d 598, *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456.

Respectfully submitted,

**BROWN SIMS, P.C.**

_____
John G.H. Davis
Texas Bar No. 24012507
Federal I.D. No. 24428
*jdavis@brownsims.com*
Michael D. Williams
Federal I.D. No. 6982
Texas Bar No. 21564330
*mwilliams@brownsims.com*
Elizabeth L. Sandoval
Texas Bar No. 24058095
*esandoval@brownsims.com*
BROWN SIMS, P.C.
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
713.629.1580
713.629.5027 Fax

*Counsel for Defendants,*
*Uri Litvak and Litvak Law Group, PC*

## Certificate of Conference

I certify that on November 20, 2025, I conferred with counsel for the Plaintiffs, David Clem, and he indicated that Plaintiffs' position as to the relief requested in this motion is "undecided" at this time.

_____
Elizabeth L. Sandoval

## Certificate of Service

I certify that on November 20, 2025, I served a true and correct copy of this document on the party listed below by electronic service and that the electronic transmission was reported as complete.

David M. Clem
David.clem@blankrome.com
Megan A. Altobelli
Megan.altobelli@blankrome.com
BLANK ROME LLP
200 Crescent Court, Suite 1000
Dallas, Texas 75201

***Counsel for Plaintiffs***

_____
Michael D. Williams