FILED
November 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MAZE ENVIRONMENTAL LLC, § <br> MAZE HOLDINGS INC., § <br> AMBER PEARCE & BROOKS PEARCE § <br>     PLAINTIFFS § <br> § <br> V. § <br> § <br> URI LITVAK & LITVAK LAW GROUP PC § <br>     DEFENDANTS § | CASE NO. 1:25-CV-1533-ADA-ML |

### FIRST AMENDED COMPLAINT

Maze Environmental, its corporate parent, and two of its executives seek to protect the company against a hostile takeover and malicious threats made by one of the company's former legal advisors.

### PARTIES & SERVICE

1.    Maze Environmental is a limited liability company registered in Texas and is a citizen of the various states where its members reside.

2.    Maze Holdings Inc. is a Delaware corporation with its principal place of business in Texas.

3.    Amber Pearce and Brooks Pearce are executives at Maze Environmental and are individual residents of Blanco County, Texas.

4.    Uri Litvak is an individual resident of Newport Beach, California; New York, New York; and Miami, Florida. He has appeared and answered in this case.

5.    Litvak Law Group P.C. is a California corporation with its principal place of business in California. It has appeared and answered in this case.

**Exhibit A**

## JURISDICTION & VENUE

### *The Court has personal jurisdiction*

6.This Court has general personal jurisdiction over defendants because defendants have minimum contacts with Texas and the exercise of jurisdiction over defendants does not offend the traditional notions of fair play and substantial justice. Mr. Litvak and the Litvak Law have purposefully availed themselves of the privilege of conducting business in Texas by regularly representing Texas-based clients.

7.This Court has specific personal jurisdiction over defendants because their contacts with Texas arise from and are directly related to the claims in this case. Defendants targeted Texas individuals and a Texas-registered business to provide legal services in Texas. Defendants provided that service with legal advice on Texas operations and Texas-specific legal matters. Mr. Litvak, for himself or for his law firm, seeks to wrongfully acquire equity interests in Maze Environmental and Maze Holdings, which conduct operations from a Texas nerve center.

8.This Court also has personal jurisdiction over defendants under Texas Civil Practice & Remedies Code Section 17.042 because they committed "a tort in whole or in part" in Texas. Specifically, defendants breached fiduciary duties owed to plaintiffs through communications directed to plaintiffs in Texas.

### *Venue is proper in this Court*

9.Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Exhibit A**

10. Specifically, defendants seek to wrongfully acquire an equity interest in Maze Environmental and Maze Holdings, companies that conduct operations from Blanco County. Defendants directed letters, calls, text messages, and other messages specifically to Blanco County in an effort to acquire an interest. Mr. Litvak also sought to wrongfully establish himself as a board member of Maze Environmental—a board headquartered in Blanco County that makes decisions on operations in Blanco County.

11. In short, this lawsuit seeks to stop the hostile takeover of a company with headquarters and an operational nerve center in Blanco County.

## FACTUAL BACKGROUND

12. Maze Environmental is an energy services company headquartered in Round Mountain, Texas; Maze Holdings is its corporate parent. Maze Environmental has developed proprietary technology that reduces or eliminates methane flaring emissions. The company serves some of the largest and most respected midstream and upstream energy companies in the world.

13. Ms. Pearce is the chief strategist and Mr. Pearce is the chief executive officer of Maze Environmental.

14. Ms. Pearce met Mr. Litvak in 2021. At that time, Ms. Pearce served as the chief operating officer of Texas Fabco Solutions, a Maze-affiliated energy services company based in Round Mountain, Texas.

15. Mr. Litvak offered to provide legal services to Ms. Pearce—he directed his law firm to send an engagement letter addressed to Ms. Pearce personally at her

3

**Exhibit A**

Blanco County address. Ms. Pearce signed and returned the engagement letter in July 2021.

16. The July 2021 engagement letter is the sole contract between defendants and plaintiffs. The letter does not relate to Maze Environmental or Maze Holdings.

17. After Ms. Pearce and Mr. Pearce founded Maze Environmental, Mr. Litvak began providing periodic legal advice to the company and the two executives. But neither Maze Environmental, Maze Holdings, nor their employees or agents ever signed an agreement with Mr. Litvak or its law firm.

18. As time passed and Mr. Litvak continued providing periodic advice to Maze Environmental, the parties discussed potential compensation for that advice.

19. But the parties disagreed about what compensation would be appropriate. Mr. Litvak was originally satisfied with hourly compensation, commensurate with his role as outside counsel to the company.

20. In July and August 2025, Mr. Litvak began agitating for an equity position in Maze Environmental.

21. In September 2025, Maze Holdings acquired all ownership interests in Maze Environmental and became the sole parent company of Maze Environmental.

22. Neither Mr. Litvak nor his law firm own equity in Maze Environmental or Maze Holdings. Mr. Litvak is not a board member or employee of either company. The organizational documents for Maze Environmental and Maze Holdings make no mention of Mr. Litvak or his law firm.

**Exhibit A**

23. The parties never agreed to provide equity to Mr. Litvak. No evidence—no text message, email, voicemail, or other document—reflects an "offer and acceptance" of equity. Nor did the parties orally agree to offer equity. Likewise, no written or oral evidence even remotely approaches the material elements of such an offer, like corporate obligations, equity vesting, voting rights, capital contributions, corporate titles, or services to be included.

24. Despite these facts, Mr. Litvak insisted that he owns between 3 and 10 percent equity in Maze Environmental and Maze Holdings.

25. In July and August 2025, Mr. Litvak began threatening Ms. Pearce, Mr. Pearce, and their companies—demanding that they document his imaginary equity position. If they refused, Mr. Litvak threatened to use his resources and the resources of his law firm to wage protracted litigation against Maze Environmental and Maze Holdings.

26. When the company declined to bend to his demands, Mr. Litvak wrote "ignoring me isn't a good idea"—threatening to bring sham claims against the company and its executives to extort his desired outcome.

27. Mr. Litvak kept that promise in September 2025, when he filed suit in Orange County, California—almost a month after the instant suit was filed—based on the same facts and claims that exist in this Texas suit.

5

**Exhibit A**

28. The California suit[1] names Ms. Pearce and Mr. Pearce (in their individual capacities and as trustees of the Brooks and Amber Pearce Living Trust), Maze Environmental, Maze Holdings, Texas Fabco, Steven Block (a lawyer), and fifty unnamed "Does" as defendants.

29. In the California suit, Mr. Litvak claims an "oral contract" existed that would grant him an ownership interest of between 3% and 10% in Maze Environmental or Maze Holdings—though he does not allege that terms were finalized or that a "meeting of the minds" occurred.

30. Mr. Litvak also claims that an "agreement to negotiate," an "oral partnership agreement," an "oral joint venture agreement," and other fictional and unenforceable legal theories, compel plaintiffs to convey "a 3% to 10% ownership interest in Maze Holdings" or a successor company.

31. Substantively, the California suit lacks a legal foundation. The parties never agreed to provide equity to Mr. Litvak—and no legal theory exists that would conjure such an agreement.

32. Procedurally, the California suit is improper parallel litigation, filed well after Mr. Litvak was served with notice of this Texas suit. It is an unscrupulous effort to hurt Ms. and Mr. Pearce and their companies by forcing them to defend themselves in a second forum. They have asked the California court to stay or dismiss that litigation—but the effort will take time and money.

---

[1] No. 30-2025-01511395-UC-FR-CJC, in the Superior Court of the State of California, Orange County.

6

**Exhibit A**

## CLAIMS

33. The facts presented above meet the elements of these claims.

### *Count 1: Breach of Fiduciary Duty*

34. Mr. Litvak and his law firm acted as legal counsel to Maze Environmental, Maze Holdings, Ms. Pearce, and Mr. Pearce.

35. Defendants owed fiduciary duties to plaintiffs.

36. Defendants breached their fiduciary duties by acting in their own self-interests and contrary to the interests of their clients. Namely, defendants sought to enrich themselves by extorting an equity position in Maze Environmental and Maze Holdings and by filing a baseless and improper lawsuit.

37. Defendants breach damaged plaintiffs in the form of lost profits, lost business opportunities, attorneys' fees to defend against the California suit, and other actual damages.

### *Count 2: Declaratory Judgment*

38. Plaintiffs are interested under a written contract—namely the company agreements of Maze Environmental and Maze Holdings, which specify the equity interest owners of the companies.

39. The company agreements do not include an equity interest or any other rights for defendants, yet defendants have wrongly asserted such rights.

40. Plaintiffs seek a declaration that defendants do not own any equity of Maze Environmental or Maze Holdings and that no plaintiff owes equity to defendants.

**Exhibit A**

## CONCLUSION & PRAYER

For these reasons, plaintiffs ask for a declaration as described in this complaint. Plaintiffs also ask for judgment against defendants, jointly and severally, for actual damages, pre- and post-judgment interest, expenses, exemplary damages, and attorneys' fees. Plaintiffs also ask for all other relief to which they may be entitled.

Respectfully submitted,

By: s/ David M. Clem
    **David M. Clem**
    Texas Bar No. 24050428
    david.clem@blankrome.com

    **Megan A. Altobelli**
    Texas Bar No. 24107116
    megan.altobelli@blankrome.com

**BLANK ROME LLP**
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1450 Main
(972) 850-1451 Facsimile
(972) 850-1485 D. Clem Direct

*Counsel for Plaintiffs*

### Certificate of Service

I certify that my office served a true and correct copy of this document on all parties through the Court's electronic filing system on November 11, 2025.

By: s/ David M. Clem
    **David M. Clem**

**Exhibit A**